COMMONWEALTH FOR USE, ETC., *v.* W. P. JOHNSON, ETC.

**Sheriffs and Constable—Official Bond—Defalcation—Re-election—Second Bond.**

Where a sheriff is re-elected it is the duty of the county court to require him to execute a new bond, and in the absence of proof to the contrary it will be presumed that he has done so, and when he defaults the action must be brought on the bond in force at the time of the defalcation.

APPEAL FROM PIKE CIRCUIT COURT.

October 5, 1871.

OPINION BY JUDGE LINDSAY:

The petition shows that Johnson, the sheriff, executed the bond upon which this action is based on the 20th of August, 1866, and that the official defalcation complained of did not occur until August, 1867. By the constitution and laws of this state Johnson's first term of office must have expired in January, 1867, and if he was re-elected it was the duty of the county court

to require him to execute a new bond and again take oath of office.

It is true a sheriff holds until his successor is qualified, but no explanation is offered as to the reason for suing on the bond of August 20th, 1866, and in the absence of such explanation, it will not be presumed that the Pike county court failed to require Johnson to execute a second bond. We are therefore of the opinion that under the state of facts set out in the petition the action could not be maintained. The demurrer was therefore properly sustained.

Judgment affirmed.

*Burns*, for appellant.

*Apperson*, for appellee.